**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACQUELINE M. EPARVIER,**
                **Plaintiff,**

**-vs-**                                                                Case No. 6:07-cv-1491-Orl-31UAM

**FORTIS INSURANCE COMPANY, n/k/a**
**Time Insurance Company,**
                **Defendant.**

_____

## ORDER

This matter comes before the Court on its own initiative. This case began in state court on December 1, 2004, and was removed to this court by Defendant Fortis Insurance Company n/k/a Time Insurance Company ("Time") on September 18, 2007. After review of the pleadings, this Court was concerned about whether removal was proper, and therefore, issued an Order requiring Defendant to show cause as to why this case should not be remanded (Doc. 15). Time then filed a timely response to that Order (Doc. 22).

**I. Background**

Plaintiff Jacqueline M. Eparvier ("Eparvier") entered into a contract with Time for medical insurance ("the Policy") on or about April 1, 2003. On December 1, 2004, Eparvier filed an action against Time seeking monetary damages, including attorneys' fees, for breach of contract and seeking declaratory relief to enforce her rights under the Policy because Time refused to cover the cost of her treatment for breast cancer. On or about March 28, 2006, the parties reached a partial settlement wherein Time agreed to reinstate Eparvier's medical certificate back to its original effective date of April 1, 2003 and pay all of Eparvier's claims for medical treatment in

accordance with the Policy. However, the issues of attorneys' fees, costs and pre-judgment interest were not resolved.

On April 3, 2006, Plaintiff filed a motion for leave to amend her complaint to include 4 new causes of action: fraud in the inducement, fraud, reformation and bad faith. This motion was denied by Judge Kirkwood on May 9, 2006. On May 23, 2007, Plaintiff filed a second motion for leave to amend her complaint which Judge Sprinkle granted on August 30, 2007. Plaintiff's Amended Complaint (Doc. 2) alleges six causes of action: the original two counts for breach of contract and declaratory judgment and the four additional counts for fraud in the inducement, fraud, reformation and bad faith.

Plaintiff also filed a motion for attorneys' fees, costs and pre-judgment interest (Doc. 3) in state court on July 27, 2007. Judge Sprinkle held a hearing on that motion on August 20, 2007, and deferred ruling on it until after the parties had a chance to conduct discovery regarding that issue. Therefore, this motion is still pending.

**II. Standard of Review**

> Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Removal statutes are strictly construed and all doubts concerning jurisdiction are resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Burns*, 31 F.2d at 1095 ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"). The removing party has the burden of demonstrating the propriety of removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

*Lahey v. State Farm Mut. Auto. Ins*. Co., 2007 U.S. Dist. LEXIS 50006, *3-4 (M.D. Fla. July 11, 2007).

To establish the propriety of removal in a diversity case, Defendant must show not only that this Court has subject matter jurisdiction under 28 U.S.C. § 1332, but also that removal was timely under 28 U.S.C. § 1446.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C § 1446(b).

**III. Analysis**

There appears to be no debate that this case meets the requirements of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of Florida, Defendant is a citizen of Wisconsin and the amount in controversy exceeds $75,000. (Doc. 1 at 4). However, because this case was filed almost three years ago, the timeliness of Defendant's removal is in question.

Defendant states that, although this case was removable at the outset, the time of removal was renewed when Plaintiff filed her Amended Complaint on August 30, 2007, because this complaint states a separate and independent cause of action and is essentially a new case. Defendant further argues that the facts of this case are virtually identical to those in *Lahey v. State Farm Mut. Auto. Ins. Co., supra*, and urges this Court to adopt the reasoning of Judge Whittemore espoused therein.

This Court finds that this case is materially distinguishable from *Lahey*. In *Lahey* the Plaintiff filed an uninsured motorist claim which went to trial and resulted in a jury verdict in favor of the plaintiff. *Lahey*, 2007 U.S. Dist. LEXIS 50006 at*2. After the resolution of the original complaint, the plaintiff then brought a cause of action for bad faith. *Id.* Defendant then removed the bad faith claim to federal court. *Id*. Under Florida law a claim for bad faith is not ripe until the original claim for coverage is resolved. *Id*. at *5. Therefore, Judge Whittemore concluded that the new complaint stated an entirely separate cause of action from the first. *Id*. at *6. In this case, however, the original action has not been fully resolved. Plaintiff's Amended Complaint contains the same causes of action as her original complaint, and indeed her motion for attorneys' fees regarding those claims are still pending.

As noted above, all doubts regarding the propriety of removal should be resolved in favor of remand. As this Court stated in its Order to Show Cause (Doc. 15), not only is removal jurisdiction suspect due to the timing of the removal, but it would result in a very inefficient use of judicial resources. The record in this case goes back almost three years and is hundreds of pages long.[1] Defendant's argument that this Court would not be required to duplicate the efforts of the state court judges is entirely without merit.

---

[1] It is worth noting that the removal of this case is further hampered by Defendant's failure to provide this Court with an organized record. Defendant filed the extremely long record on two compact discs that are not organized in any discernable manner. There is no index supplied and the first disc, for example, simply contains ten files labeled Volumes 1 through 10. The 1st page of Volume 1 on the 1st disk, which one would assume would be the 1st filing in this case (the initial complaint filed on December 1, 2004) is instead a filing dated February 17, 2006. After making diligent efforts to sort through these files and make sense of them, the Court has deemed it a futile task.

**IV. Conclusion**

    Accordingly, it is

    **ORDERED** that this case is hereby **REMANDED** to the Circuit Court in and for Orange County, Florida, Civil Division. The Clerk is directed to close the file.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on October 15, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party