**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JACQUELINE M. EPARVIER,
          Plaintiff,

-vs-                                                Case No. 6:07-cv-1491-Orl-31GJK

FORTIS INSURANCE COMPANY, n/k/a
Time Insurance Company,
          Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 23) and Defendant's Response thereto (Doc. 38).

**I. Background**

Plaintiff Jacqueline M. Eparvier ("Eparvier") entered into a contract with Defendant Fortis Insurance Company n/k/a Time Insurance Company ("Time") for medical insurance ("the Policy") on or about April 1, 2003. On December 1, 2004, Eparvier filed an action against Time in state court seeking monetary damages, including attorneys' fees, for breach of contract and seeking declaratory relief to enforce her rights under the Policy because Time refused to cover the cost of her treatment for breast cancer. On or about March 28, 2006, the parties reached a partial settlement wherein Time agreed to reinstate Eparvier's medical certificate back to its original effective date of April 1, 2003 and pay all of Eparvier's claims for medical treatment in accordance with the Policy. However, the issues of attorneys' fees, costs and pre-judgment interest were not resolved.

On April 3, 2006, Plaintiff filed a motion for leave to amend her complaint to include four new causes of action: fraud in the inducement, fraud, reformation and bad faith. This motion was denied by Judge Kirkwood on May 9, 2006. On May 23, 2007, Plaintiff filed a second motion for leave to amend her complaint which Judge Sprinkle granted on August 30, 2007. Plaintiff's Amended Complaint (Doc. 2) alleges six causes of action: the original two counts for breach of contract and declaratory judgment and the four additional counts.

Plaintiff also filed a motion for attorneys' fees, costs and pre-judgment interest (Doc. 3) in state court on July 27, 2007. Judge Sprinkle held a hearing on that motion on August 20, 2007, and deferred ruling on it until after the parties had a chance to conduct discovery regarding that issue. Therefore, this motion is still pending.

Time removed this action to this court on September 18, 2007. After a review of the pleadings, this Court was concerned about whether removal was proper, and therefore, issued an Order requiring Defendant to show cause as to why this case should not be remanded (Doc. 15). Time then filed a timely response to that Order (Doc. 22), and after consideration of that response, this Court issued an Order remanding the case to state court (Doc. 23). Time then appealed that Order to the Eleventh Circuit Court of Appeals, which vacated the Order and remanded the matter, instructing this Court to consider Plaintiff's Motion to Remand. (Doc. 31 at 11). The Eleventh Circuit did not address the merits of any of the remand arguments, holding instead that it was improper for this Court to enter the remand order *sua sponte*. *Id*.

**II. Standard of Review**

    Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Removal statutes are strictly construed and all doubts concerning jurisdiction are resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d

> 405, 411 (11th Cir. 1999); *see also Burns*, 31 F.2d at 1095 ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"). The removing party has the burden of demonstrating the propriety of removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

*Lahey v. State Farm Mut. Auto. Ins*. Co., 2007 U.S. Dist. LEXIS 50006, *3-4 (M.D. Fla. July 11, 2007).

To establish the propriety of removal in a diversity case, Defendant must show not only that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 ("§ 1332"), but also that removal was timely under 28 U.S.C. § 1446(b) ("§ 1446(b)").

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C § 1446(b).

**III. Analysis**

As this Court previously stated, there is no debate that this case currently meets the requirements of diversity jurisdiction under § 1332. Plaintiff is a citizen of Florida, Defendant is a citizen of Wisconsin and the amount in controversy exceeds $75,000. (Doc. 1 at 4). Thus, the only question is whether Time's removal, filed almost three years after the action commenced, was timely under § 1446(b).

> The Eleventh Circuit has stated that in answering the question of when an action is removable, § 1446(b) creates two types of cases: "(1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an

> amended pleading, motion, order or other paper.'" *Lowery*, 483 F.3d at 1212. In either type of case, "a defendant must remove within thirty days of receiving the document that provides the basis for removal." *Lowery*, 483 F.3d at 1212-13. Thus, if the case is removable on the initial pleading, the thirty day period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). The statute only allows resort to the second sentence of § 1446(b) "[i]f the case stated by the initial pleading is not removable . . . ."

*Daggett v. Am. Sec. Ins. Co.,* 2008 U.S. Dist. LEXIS 31786, *5-6 (M.D. Fla. Apr. 17, 2008).

Thus, this action, whether originally removable or not, could not have been removed after December 1, 2005.

Defendant argues, however, that the thirty-day limitation provided in paragraph one of § 1446(b) was "revived" when Plaintiff filed her Second Amended Complaint.

> The Fifth Circuit in *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000), described a "judicially-created revival exception to the thirty-day requirement of section 1446(b)" under which a defendant is permitted to remove beyond thirty-days after the initial filing where "the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Id*. at 241-42 at 241-42 (citing *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962 (7th Cir. 1982)) ("[T]he courts have read into § 1446(b) an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit begun that day.") Courts applying this exception have reasoned that "although a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed in the same case." *Id*. at 241-42 (internal citations omitted).

*Daggett*, 2008 U.S. Dist. LEXIS 31786, *6-7.

The revival doctrine has not been adopted, or rejected, by the Eleventh Circuit. *See id.* at *7, but see Clegg v. Bristol-Myers Squibb Co.*, 285 B.R. 23 (M.D. Fla. 2002) (recognizing the existence of the revival doctrine). However, even if the revival doctrine were the law of this Circuit, it only applies to cases governed by the first paragraph of § 1446(b) – i.e. cases that were

-4-

originally removable. Thus, the Court must determine if this case was removable as originally filed.

> As stated in 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States."

*Carter v. Frito-Lay*, Inc., 144 Fed. Appx. 815, 817 (11th Cir. 2005).

Defendant argues that because Eparvier's initial complaint simply states that she is seeking more than $15,000 in damages, she was seeking an "unlimited amount of damages", thus making the case removable from its inception. (Doc. 38 at 7). This argument fails because

> [t]he Eleventh Circuit has held that where there is an unspecified damages claim, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy satisfies the federal jurisdictional minimum. *See Tapscott v. MS Dealer Service Corp*., 77 F.3d 1353, 1357 (11th Cir. 1996).

*Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999).

Thus, if Time had sought to remove this case when it was originally filed, it would have been met with the burden of proving that the amount in controversy was more than $75,000, exclusive of interest and costs. Plaintiff's initial complaint (Doc. 39-7) contained two counts: (1) for breach of contract and (2) for declaratory judgment pursuant to Chapter 86 of the Florida Statutes. Plaintiff also sought to recover attorneys' fees pursuant to Fla. Stat. 627.428. (Doc. 39-7 at 3). "Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy." *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988)

Eparvier states that, at the time she filed her initial complaint, her medical expenses totaled less than $13,000. (Doc. 27 at 3). Time, however, contends that when Eparvier filed her original complaint, she was seeking reimbursement of medical expenses totaling $70,020.78. (Doc. 38 at 3,

-5-

8). In support of this figure, Time points to Plaintiff's Second Motion to Amend her Complaint and the Declaration of Craig Dix, an employee of Time. However, these documents do not support Time's contention.

Plaintiff's Second Motion to Amend states that, due to her partial settlement with Time in March of 2006, she was reimbursed for $3,865.20 in medical expenses and relieved of paying $44,000 in medical bills. (Doc. 39-8 at 6). Mr. Dix' declaration states that, "based on the medical bills of [Eparvier's] medical providers, Eparvier was provided with medical treatment between April 1, 2003 and December 1, 2004 totaling $70,020.78." (Doc. 38-2 at 1). However, Mr. Dix goes on to state that "Time's portion of these bills that it would be responsible for paying is only $47,422.88." *Id*.

Furthermore, the amounts reflected by the payments made by Time pursuant to the partial settlement agreement, cover the period of April 1, 2003 through March of 2006, and therefore is not an accurate estimate of the recovery sought at the time the action was initiated. (*See* Letter from Darinka Sever to Eparvier, dated March 24, 2006, filed with Time's Notice of Removal (offering "payments to date" under the Policy).

However, even if the Court were to accept that the amount in controversy at the time this action commenced was approximately $48,000 plus attorneys' fees, Defendant would have to show that Plaintiff was seeking in excess of $27,000 in attorneys fees – over half the amount she was seeking to recover. Defendant has presented no evidence to support such a contention.

Accordingly, this Court finds that this action was not removable as originally filed and therefore, pursuant to the second paragraph of § 1446(b), could not be removed more than one year after it was originally filed (on December 1, 2004).

**IV. Conclusion**

For the reasons state herein, it is

**ORDERED** that the Motion to Remand (Doc. 27) is **GRANTED**. This case is hereby **REMANDED** to the Circuit Court in and for Orange County, Florida, Civil Division. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 8, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party